UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SALLY KAY STANLEY,

                Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,

                Defendants.

Case No. 2:04-cv-00319-RLH-PAL

**REPORT OF**

**FINDINGS AND RECOMMENDATION**

This matter is before the court on the plaintiff's failure to respond to the Court's Order to Show Cause (#44).

**FINDINGS**

1. This case was originally filed in state court and removed to federal court on March 17, 2004 (#1).

2. On June 4, 2004, the District Judge dismissed plaintiff's claim against defendants Las Vegas Metropolitan Police Department and Clark County, leaving only those claims against Officer Bachman.

3. The law offices of Barry Levinson was permitted to substitute as counsel of record for plaintiff's original attorney Leo Flangas, but subsequently was permitted to withdraw on December 21, 2004 (#19).

4. In the order permitting the law office of Barry Levinson to withdraw, the court gave plaintiff until January 19, 2005 to indicate whether she had retained alternate counsel or would be appearing in the matter *pro se*. The court granted plaintiff two extensions of

///

time to seek alternate counsel, the second of which indicated that no further extensions of time would be given beyond March 28, 2005 (##22, 23).

5. The plaintiff filed a request for an extension (#24) on March 25, 2005, asking for an additional ninety-day continuance "to accurately study the rules, codes, et cetera, for my case." The court set a hearing on the request for April 12, 2005 (#25).

6. The plaintiff notified the court that she would be incarcerated at the time and unable to attend the hearing. The court continued the hearing until May 17, 2005, and denied her request for a ninety-day continuance (#28).

7. The May 17, 2006 hearing was vacated when the court learned that plaintiff was again in custody.

8. When the plaintiff had still failed to provide notice of alternative counsel or that she would be appearing *pro se*, the court issued an order to show cause (#30) on August 17, 2005.

9. At a September 22, 2005, the plaintiff was given an additional two weeks to obtain counsel.

10. On October 26, 2005, the court entered its discovery plan and scheduling order (#35) following an October 25, 2005 hearing, and required the parties to file an interim status report by December 27, 2005.

11. The plaintiff filed a motion for extension of time to amend the pleadings and add parties (#36), which was granted by the court in an order (#37) dated December 27, 2005.

12. The plaintiff did not attempt to amend the pleadings or add parties during the period of time for which she requested the extension.

13. When the parties did not file the interim status report required by the court's prior order (#35), the court issued a second order (#38) requiring them to do so by February 3, 2006. In that order (#38), the court indicated that failure to comply might result in the issuance of an order to show cause why sanctions should not be imposed.

///
///

14. Plaintiff did not respond to defendants' interrogatories or requests for production of documents initially served August 14, 2005 on her prior counsel, and again on October 14, 2005 on the plaintiff herself after her counsel withdrew.

15. Defendants served plaintiff with a notice of taking deposition February 2, 2006, setting plaintiff's deposition for February 22, 2006. Plaintiff failed to attend her deposition as scheduled and noticed (see Minutes (#43).)

16. The court has advised the plaintiff in a prior order (#30) that failure to meet her discovery and other obligations could result in the recommendation to the District Judge that the case be dismissed.

17. Defendants filed a motion to compel (#39) which the undersigned set for hearing on February 28, 2006 at 10:00 a.m. Plaintiff did not file a response to the motion or request an extension of time in which to do so, and did not appear for the hearing as ordered.

18. The court granted defendants' motion to compel (#39) and required plaintiff to serve full and complete answers to defendants' interrogatories and responses to defendants' requests for production of documents, without objections, no later than March 17, 2006.

19. The court also awarded monetary sanctions in the amount of $525 to defendants for reasonable costs and attorney's fees incurred in bringing the motion, but stayed plaintiff's obligation to pay the monetary sanction until final resolution of the case. The order provided that in the event plaintiff prevailed by judgment or settlement, the amount of sanctions imposed would be deducted from any judgment, award, or settlement she receives. It also provided that in the event the defendants prevailed, the amount of sanctions shall be allotted as a taxable cost in any judgment defendants received.

20. The court's order to show cause (#44) also required the plaintiff to show cause, in writing, no later than 4:00 p.m., March 30, 2006, why this action should not be dismissed for her failure to meet her discovery obligations, comply with this court's orders, and to prosecute.

///

21. The order to show cause advised plaintiff that her failure to timely comply with this order would result in the recommendation to the District Judge that her case be dismissed for failure to meet her discovery obligations, failure to comply with this court's orders (##19, 23, 30, 31, 35, 38, 40), and for her failure to prosecute.
22. The plaintiff did not respond to the order to show cause as ordered or request an extension of time in which to respond to the order to show cause.
23. Plaintiff's failure to engage in discovery, and failure to comply with this court's prior orders has deprived defendants of routine discovery, delayed adjudication of this matter, and interfered with the court's docket.

For all of the foregoing reasons,

**IT IS THE RECOMMENDATION** of the undersigned United States Magistrate Judge that plaintiff's complaint be dismissed for her failure to comply with the court's orders (##19, 23, 30, 31, 35, 38, 40, and 44), failure to meet her discovery obligations, and failure to prosecute.

Dated this 18th day of April, 2006.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE